**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TEDDY WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SERVIS ONE, INC., d/b/a BSI FINANCIAL | ) |
| SERVICES, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1.      Plaintiff Teddy Williams brings this action to secure redress from unlawful credit and collection practices engaged in by defendant BSI Financial Services ("BSI").  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the discharge injunction in a bankruptcy case, as well as invasion of privacy.

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods;  conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## VENUE AND JURISDICTION

3.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331 (federal question) and 28 U.S.C. §1337 (commerce).

4.      Venue and personal jurisdiction in this District are proper because:

    a.      This case concerns unlawful attempts to collect a debt incurred in this District  and formerly secured by real property located in this District;

    b.      This case involves illegal demands that plaintiff pay for insurance on real property located in this District; and

    c.      Defendant does business in this District.

1

## PARTIES

5.      Plaintiff Teddy Williams is currently a resident of Tennessee.

6.      BSI is a Delaware corporation with its principal place of business at 1425 Greenway Drive, Suite 400, Irvine, TX 75038.  It does business in Illinois.  Its registered agent and office is Incorp Services, Inc., 910 S. 2d Street, Suite 201, Springfield, IL 62704.

7.      BSI is a "special servicer" of mortgage loans.  A "special servicer" is mortgage industry jargon for a servicer that specializes in the servicing of loans that are nonperforming, or delinquent, when the servicer first becomes involved with them.

8.      BSI has sought and obtained ratings as a "special servicer."

9.      As of May 31, 2013, BSI was servicing over 17,000 residential mortgage loans totaling $2.9 billion.

10.      BSI uses the mails and telephone system in conducting its business.

11.      BSI is a debt collector as defined in the FDCPA.

## FACTS

12.      Plaintiff formerly lived in a single family home he owned at 653 East 87th Place, Chicago, Illinois.

13.      In 2012, plaintiff encountered financial hardships and filed a petition under Chapter 13 of the Bankruptcy Code, Case No. 12-26859 (N.D.Ill.).  The case was converted to a Chapter 7 in October 2013.  Plaintiff received a discharge of his Chapter 7 in January 2014.

14.      Among the debts discharged was a residential mortgage loan owed to CitiMortgage, Inc.  The loan was obtained for personal, family or household purposes (housing).

15.      The debt was scheduled in the bankruptcy (Appendix A).

16.      CitiMortgage, Inc., filed a claim. (Appendix B)

17.      CitiMortgage, Inc., was notified of the discharge (Appendix C).

18.      CitiMortgage, Inc., foreclosed on the home at 653 East 87th Place.

19.      BSI became involved in the collection of the debt subsequent to the discharge.

2

20.     Subsequent to the discharge, BSI has repeatedly dunned plaintiff seeking payment of the discharged debt.

21.     In January 2015, BSI sent plaintiff the correspondence in <u>Appendix D</u>.

22.     On or about February 9, 2015, BSI sent plaintiff the correspondence in <u>Appendix E</u>.

23.     Shortly thereafter, BSI sent plaintiff the correspondence in <u>Appendix F</u>.

24.     Plaintiff called BSI and informed it that the debt had been discharged and plaintiff no longer had any interest in the property.

25.     On or about February 24, 2015, BSI sent plaintiff the correspondence in <u>Appendix G</u>.

26.     On or about March 11, 2015, BSI sent plaintiff the letter attached as <u>Appendix H</u>.

27.     On March 5, 2015, a representative of BSI using the name Matthew called plaintiff and inquired about his escrow payments for taxes and insurance on the home at 653 East 87th Place.  Plaintiff informed Matthew that he had filed bankruptcy on the debt, had no interest in the property, and wished to receive no further calls.  Plaintiff also informed Matthew of the name and number of his bankruptcy attorney.

28.     BSI  had an insurance company call plaintiff on March 9, 2015 to arrange for the placement of insurance coverage on the home at 653 East 87th Place.

29.     On March 10, 2015, a representative of BSI using the name "Tom Sayto" called plaintiff and left a message on his voicemail asking that plaintiff return his call to 866-581-4498, option 5, extension 3703.  Plaintiff returned the call without reaching the caller.

30.     The number 866-581-4498 is used by BSI.  (<u>Appendix I</u>)

31.     BSI knew or should have known that the debt was discharged, in that:

      a.     Plaintiff informed BSI that his debt had been discharged;

      b.     The discharge was a matter of public record;

      c.     Defendant could readily have ascertained its existence from a credit report

3

or one of several services that reports bankruptcy filings to debt collectors.

32.     As a result of BSI's conduct, plaintiff suffered actual damages, in that:

    a.     He spent time and money dealing with BSI;

    b.     He was aggravated and harassed by BSI; and

    c.     He was deprived of his fresh start.

## COUNT I – FDCPA

33.     Plaintiff incorporates paragraphs 1-32.

34.     BSI violated 15 U.S.C. §1692e, by representing that plaintiff owed a debt he did not owe.

35.     BSI violated 15 U.S.C. §1692d, by harassing plaintiff with repeated communications after plaintiff informed BSI that the debt had been discharged, that he was represented by counsel, and that he desired no further contact.

36.     BSI violated 15 U.S.C. §1692c, by communicating directly with a represented consumer.

37.     BSI may also have failed to send a notice of debt as required by 15 U.S.C. §1692g.

38.     Section 1692c provides:

**§ 1692c.     Communication in connection with debt collection [Section 805 of P.L.]**

**(a) Communication with the consumer generally--Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt– . . .**

**(2)     if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .**

39.     Section 1692d provides:

**§ 1692d.     Harassment or abuse [Section 806 of P.L.]**

4

**A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(5)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. . . .**

40.     Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of--**

**(A)     the character, amount, or legal status of any debt; . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

a.     Statutory damages;

b.     Actual damages;

c.      Attorney's fees, litigation expenses and costs of suit; and

d.      Such other and further relief as the Court deems proper.

## COUNT II – DISCHARGE INJUNCTION

41.     Plaintiff incorporates paragraphs 1-32.

42.     BSI's communications with plaintiff constitute a violation of the discharge in Case No. 12-26859 (N.D.Ill.).

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

a.     Actual damages;

5

      b.      Punitive damages;

      c.      Attorney's fees, litigation expenses and costs of suit; and

      d.      Such other and further relief as the Court deems proper.

## COUNT III  – INVASION OF PRIVACY

43.      Plaintiff incorporates paragraphs 1-32.

44.      Defendant violated plaintiff's right to seclusion by harassing plaintiff to collect a debt he did not owe.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff  and against defendant for:

      a.      Actual damages, including general damages;

      b.      Punitive damages;

      c.      Costs of suit; and

      d.      Such other or further relief as the Court deems proper.


                  s/Daniel A. Edelman
                  Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## JURY DEMAND

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

T:\31188\Pleading\Complaint_Pleading.WPD

7

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


<u>s/Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

8

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edelman
Daniel A. Edelman